FILED
United States Court of Appeals
Tenth Circuit

November 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

     Plaintiff - Appellee,

v.

WILMA CHARLIEN PEAVLER, as the
Special Administrator for the Estate of
Christopher Allen Richter,

     Defendant - Appellant,

and

J&S EXCHANGE, INC.,

     Defendant.

No. 18-7057
(D.C. No. 6:17-CV-00229-JHP)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

In this declaratory judgment action, Wilma Charlien Peavler, as Special

Administrator for the estate of Christopher Allen Richter, appeals the district court's

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant of summary judgment to Progressive Northern Insurance Company

(Progressive). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

This case stems from a fatal, single-vehicle accident. Ivan Fry was driving

Mr. Richter and another passenger, Zach Vasser, to a job site in his truck. Mr. Fry

and Mr. Richter were both employees of J&S Exchange, Inc. (J&S), which owned

tools and equipment in Mr. Fry's truck. There was evidence that J&S directed

Mr. Fry to keep the tools in his truck and to drive Mr. Richter and Mr. Vasser to the

job site. On the way, Mr. Fry apparently lost control of the truck and crashed;

Mr. Richter died from his injuries. Both Mr. Fry and J&S were insured under

separate automobile insurance policies issued by Progressive.[1]

Ms. Peavler initiated a tort suit in Oklahoma state court against Mr. Fry and

J&S solely under a *respondeat superior* theory. She alleged J&S was vicariously

liable because Mr. Fry was acting in the scope of his employment at the time of the

accident. J&S moved to dismiss the suit, arguing that Ms. Peavler's exclusive

remedy was a workers' compensation claim under Oklahoma's Administrative

Workers' Compensation Act (AWCA). *See* Okla. Stat. tit. 85A, §§ 1-125. The

AWCA's exclusive remedy provision states:

> The rights and remedies granted to an employee subject to the
> provisions of the [AWCA] shall be exclusive of all other rights and

---

[1] Progressive sought declaratory relief under both policies. The district court determined the Fry policy provided $25,000 of liability coverage and the J&S policy provided no uninsured/underinsured motorist or medical payments coverage. These conclusions are not challenged on appeal.

> remedies of the employee . . . or anyone else claiming rights to recovery on behalf of the employee against the employer, or any . . . employee . . . of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer.

*Id.*, § 5(A); *see Odom v. Penske Truck Leasing Co.*, 893 F.3d 739, 744 (10th Cir. 2018) (recognizing that AWCA's exclusive-remedy provision provides a substantive defense to civil liability). Although J&S pointed out that the AWCA specifically barred Ms. Peavler's *respondeat superior* theory, she asserted her suit was not subject to the AWCA because Mr. Fry was acting in the scope of his employment, but Mr. Richter was not. Under the AWCA, an employee traveling to and from his place of work generally is not acting in the course and scope of his employment and therefore does not have a compensable injury. *See* Okla. Stat. tit. 85A, §§ 2(9)(a), 2(13)(a). The state court denied J&S's motion to dismiss and later denied its motion for summary judgment.

While the state suit continued, Progressive initiated this declaratory judgment action in federal court to determine its obligations under the J&S automobile policy. Progressive argued that Ms. Peavler's suit fell under the AWCA and coverage was eliminated under an exclusion (Exclusion 3) in the J&S policy for "[a]ny obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law." Aplt. App. at 122. Progressive reasoned that Mr. Richter's death was an obligation for which J&S may be held liable under workers' compensation law.

3

The district court, in a detailed, 53-page decision, granted summary judgment to Progressive, ruling in part that it was appropriate to exercise jurisdiction in this case notwithstanding the pendency of the state suit, and that Exclusion 3 applied because Mr. Richter's death was an obligation for which J&S "*may be* held liable under workers['] compensation law," *id.* at 345 (ellipsis and internal quotation marks omitted). Ms. Peavler challenges both rulings.

## II

### A. The District Court's Exercise of Jurisdiction

We first consider the district court's decision to exercise jurisdiction. "[T]he Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (internal quotation marks omitted). Accordingly, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In deciding whether to exercise jurisdiction, courts should consider several factors, including "whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Mhoon*, 31 F.3d at 983 (internal quotation marks omitted). We do "not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved. Instead, [we] only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion." *Id.*

4

Ms. Peavler contends the district court's exercise of jurisdiction creates friction with the state court order denying J&S's motion to dismiss. As the district court explained, however, the state court ruling has no impact on the issues here. This case concerns Progressive's statutory and contractual duties to defend and indemnify J&S; the state suit, by contrast, concerns J&S's liability to Mr. Richter's estate under a *respondeat superior* theory. Both suits stem from the same underlying facts, but the statutory and contractual issues here are distinct from the tort claims before the state court. Of course, there might have been friction if, as Ms. Peavler contends, the district court had conclusively determined that Mr. Richter was acting in the scope of his employment; if he was, presumably Ms. Peavler would be bound to the workers' compensation remedy. But the district court repeatedly stated it was *not* making that finding, *see* Aplt. App. at 338, 344. The court concluded only that Mr. "Richter *may* have been acting in the course and scope of his employment," *id.* at 338 (emphasis added), which triggered the exclusion. Under these circumstances, the district court did not abuse its discretion in exercising jurisdiction over the declaratory judgment action.

*B. Merits*

Turning to the merits of this dispute, "[w]e review summary judgment de novo and apply the same legal standard as the district court." *Phila. Indem. Ins. Co. v. Lexington Ins. Co.*, 845 F.3d 1330, 1336 (10th Cir. 2017). "A court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting

5

Fed. R. Civ. P. 56(a)).  Because this declaratory judgment action is predicated on diversity jurisdiction, *see* 28 U.S.C. § 1332, we apply the law of the forum state, Oklahoma, *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105-06 (10th Cir. 2016).

"Under Oklahoma law, 'an insurance policy is to be treated as a contract' and is 'enforced according to its terms.'"  *Phila. Indem.*, 845 F.3d at 1337 (brackets omitted) (quoting *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947, 953 (Okla. 1987)).  "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."  Okla. Stat. tit. 15, § 157.  "We accept the contract language in its plain, ordinary, and popular sense."  *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 628 (Okla. 2015) (brackets and internal quotation marks omitted).

Progressive stipulated the truck was an "insured auto" and J&S was an insured.  The district court observed, however, that Exclusion 3 eliminated coverage for "[a]ny obligation for which" J&S "may be held liable under workers' compensation . . . law."  Aplt. App. at 330 (emphasis omitted).  Without deciding whether Mr. Richter actually was or was not acting in the scope of his employment, the court determined he may have been and, therefore, the exclusion applied because J&S may be held liable under workers' compensation law.  We perceive no error.

The AWCA provides that the exclusive remedy against an employer for an employee injured in the course and scope of his employment is a claim for workers' compensation benefits.  *See* Okla. Stat. tit. 85A, § 5(A).  The AWCA specifically

6

bars *respondeat superior* theories, stating, "Negligent acts of a co-employee may not be imputed to the employer." *Id.* It also states that the statutory immunity is not defeated by the denial of the employee's claim for compensation or ineligibility for benefits. *See id.* § 5(C) ("The immunity from civil liability described in subsection A of [the statute] shall apply regardless of whether the injured employee is denied compensation or deemed ineligible to receive compensation under this act.").

Particularly relevant for our purposes, the AWCA defines "Course and scope of employment" as:

> an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:
>
> a. an employee's transportation to and from his or her place of employment[.]

*Id.*, § 2(13).

Given this definition and the broader statutory scheme, we have little difficulty concluding that Mr. Richter's death was an "obligation for which" J&S "may be held liable under workers' compensation . . . law." Aplt. App. at 122.[2] Ms. Peavler seeks to recover for the death of an employee, Mr. Richter, by imputing the alleged

---

[2] To the extent Ms. Peavler contends the exclusion is ambiguous, she failed to preserve this issue in the district court and offers no reason why we should consider it now. We decline to consider the issue. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

negligence of a fellow employee, Mr. Fry, to their employer, J&S. But the AWCA expressly states that "[n]egligent acts of a co-employee may not be imputed to the employer." Okla. Stat. tit. 85A, § 5(A). Ms. Peavler attempts to avoid this result by arguing that Mr. Richter was not acting in the scope of his employment, but this argument does not clearly circumvent the AWCA. Although the AWCA defines "[c]ourse and scope of employment" to exclude "an employee's transportation to and from his . . . place of work," *id.*, § 2(13)(a), Oklahoma courts have, under certain circumstances, found that employees traveling to a work site, hauling material for the benefit of an employer, were acting "in furtherance of the affairs of an employer" and thus in the "[c]ourse and scope of employment." *See, e.g.*, *Pina v. Am. Piping Inspection, Inc.*, 419 P.3d 231, 237 & n.12 (Okla. 2018). Mr. Fry and Mr. Richter were both J&S employees driving to J&S's job site with J&S's tools in the truck. There was evidence that J&S directed Mr. Fry to keep the tools in his truck, bring them to the job site, and drive Mr. Richter and Mr. Vasser to the job site.[3] While these circumstances may not establish that Mr. Fry and Mr. Richter were acting in the scope of their employment, Oklahoma case law indicates they might have been, and

---

[3] Ms. Peavler submitted this evidence—a transcript of Mr. Fry's unsworn statement—to establish Mr. Fry's directives. The district court ruled the evidence could be considered because it is not hearsay. Ms. Peavler now seems to dispute the court's rationale, though her argument is unclear. *See* Aplt. Br. at 27-28. To the extent she contends this evidence was hearsay and should not have been considered, the invited-error doctrine bars her complaint. *See United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005). ("[T]he invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt.").

8

therefore J&S may be held liable under workers' compensation law, which is all Exclusion 3 requires.

Ms. Peavler offers a broad rebuttal that essentially contends she should not be bound to Oklahoma's statutory scheme. She begins by challenging the district court's observation that the Oklahoma Workers' Compensation Commission (WCC) has exclusive responsibility for finding whether or not Mr. Richter was acting in the scope of his employment. *See* Aplt. Br. at 9-10. She says the WCC does not prevent the judiciary from interpreting the AWCA and she should not be required to file a workers' compensation claim rather than a civil action, which would "raise questions of equal protection, special legislation, and open access to courts," *id.* at 13. She cites multiple cases that purportedly recognize that courts can and do evaluate whether injuries are compensable under the AWCA. *See id.* at 14-18. She therefore concludes that she appropriately filed her tort suit in state court and that the district court erred in faulting her for doing so. *See id.* at 18-20.

To the extent these arguments challenge the AWCA's statutory scheme, they are beyond the scope of this appeal. To the extent these arguments challenge Exclusion 3 on public policy grounds, they are unavailing. Oklahoma's Compulsory Insurance Law mandates personal liability insurance, *see* Okla. Stat. tit 47, § 7-600(4), but not for injuries covered by workers' compensation, *see id.*, § 7-324(e) ("Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of . . . death of an employee of the insured while engaged in the employment . . . of the insured . . . .").

9

This exception places the burden on employers to carry workers' compensation coverage for employment-related injuries. *See Deffenbaugh v. Hudson*, 791 P.2d 84, 86 (Okla. 1990) (recognizing automobile insurers are not obliged to protect their insureds against losses that fall under the workers' compensation scheme and that "[t]he terms of [§ 7-324] clearly *relieve* insurers of any legal obligation to include in the standard motor vehicle liability policy a provision for indemnity against *employment-related* harm"). The rationale is that there is no need for double coverage of employees already covered by workers' compensation insurance. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 524 (10th Cir. 1994) (holding, under Wyoming law, that "[t]here is no imperative public policy need for automobile liability insurance where the injured party is covered by worker's compensation"); 8 Couch on Ins., § 115:13 (3d ed. June 2019 Update) ("Provisions excluding from coverage of automobile liability policies liability for injury or death of the insured's employees attempt to limit the coverage of the policy by excluding the special hazards incident to the master-servant relationship, coverage for which is usually available through workers' compensation or employer's liability insurance."). If an employer does not carry workers' compensation insurance, the employee may pursue a civil action for damages. *See* Okla. Stat. tit. 85A, § 5(B)(1).

It is undisputed that J&S carried workers' compensation insurance and that Ms. Peavler never pursued a workers' compensation claim. The AWCA therefore provides her exclusive remedy for injuries sustained in the course and scope of Mr. Richter's employment. Whether he actually was acting in the scope of his

10

employment is an issue we need not decide because the plain language of Exclusion 3 applies so long as J&S "may be held liable under workers' compensation . . . law." Aplt. App. at 122. Oklahoma law indicates that condition is satisfied.

III

Accordingly, the judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge